UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID ALAN METCALFE.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SHERIFF SHARON WEHRLY, DISTRICT ATTORNEY'S OFFICE, JASON EARNEST, JOHN KOENIG<br><br>　　　　　　　Defendant. | Case No. 2:19-cv-00697-RFB-DJA<br><br>**<u>ORDER</u>** |

　　　Before the Court for consideration is a Motion to Reconsider by Plaintiff David Alan Metcalfe [ECF No. 34]. A complaint was originally filed in this case on April 23, 2019. In light of the fact that Plaintiff failed to timey furnish the U.S. Marshalls with complete USM-285 forms in order to properly serve Defendants, the case was ultimately dismissed without prejudice on January 19, 2021. Judgement was entered in favor of Defendants on January 20, 2021.

　　　The Court has discretion to grant or deny a motion for reconsideration. <u>Navajo Nation v. Norris</u>, 331 F.3d 1041, 1046 (9th Cir. 2003). Absent highly unusual circumstances, the court should grant a motion for reconsideration only where: (1) it is presented with newly discovered evidence; (2) it has committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 807 (9th Cir. 2004); <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000); <u>Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when

they could reasonably have been raised earlier in the litigation." <u>Kona</u>, 229 F.3d at 890; <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted). "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." L.R. 59-1.

In its January 19, 2021 order [ECF No. 27], the Court properly found that the Plaintiff in this case had failed to timely furnish the USM-285 forms, as explicitly ordered by the Court previously [ECF No. 23]. The Court finds that none of the circumstances in which a court should grant a motion for reconsideration are present here. Furthermore, Plaintiff's motion for reconsideration comes after a substantial delay. Plaintiff provided no cause for such delay. Because there is no explanation of good case for delay in filing this motion, the Court finds that Plaintiff's motion for reconsideration is insufficient.

For the reasons described above,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 33) is DENIED.

The Clerk of Court is directed to serve a copy of this Order upon Plaintiff.

DATED: August 23, 2021.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**

- 2 -